# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CONTINENTAL GARDENS OF MIAMI, )
INC., )
                                                 )
    Plaintiff, )
                                                 )
    v. )    No. 04 C 7356
                                                 )
CLARENDON AMERICA INSURANCE )
COMPANY, )
                                                 )
    Defendant. )

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, the motion is granted.

## DISCUSSION

According to the complaint, plaintiff Continental Gardens of Miami, Inc. ("CGM") owns several commercial properties in Florida that were significantly damaged by Hurricanes Frances and Jeanne in September 2004. The damaged properties were insured under a primary insurance policy issued by defendant Clarendon America Insurance Company ("Clarendon"). The policy provided a coverage limit of $1,000,000 per "occurrence," and the following deductibles: (i) a $10,000 per property deductible for losses resulting from, *inter alia*, a hurricane, and (ii) a "5% of total insured value" per property deductible for losses caused by

"windstorm or hail." (Compl., Ex. A, p. 2, 3, 19, 20.)

On or about September 28, 2004, CGM filed a claim under the policy for property damage caused by the hurricanes. Clarendon, on November 9, 2004, sent CGM a letter stating that it was conducting an investigation subject to a full reservation of rights, and that it intended to apply the "5% windstorm deductible" to any recovery under the policy. (Compl., Ex. D, p. 1, 2.) Three days later, CGM filed this suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking the following relief: (i) a declaration that Clarendon's failure to pay the $1 million policy limit constitutes a breach of the policy, and (ii) a declaration that Clarendon's application of the "5% windstorm deductible" (instead of the "$10,000 hurricane deductible") is also a breach of the policy.

On December 30, 2004, Clarendon paid CGM $1 million in policy proceeds. Then, on February 8, 2005, it filed the present motion to dismiss. Clarendon argues that the complaint is now moot because, having paid the coverage limit, there is no longer a dispute as to its obligations under the policy. CGM acknowledges that the payment moots any dispute over whether the policy obligates Clarendon to pay the coverage limit. It maintains, however, that the dispute concerning the proper deductible is still a live controversy. According to CGM, its properties are covered by, in addition to the Clarendon policy, an excess insurance policy

issued by Lloyd's of London with a coverage limit of $15.5 million. This excess policy provides coverage only over and above the primary policy's $1 million limit *plus the amount of the deductible*.[1] Therefore, CGM argues, Clarendon's application of the windstorm deductible instead of the hurricane deductible reduces the amount of payments it will receive from Lloyd's under the excess policy.

We agree with Clarendon that the $1 million payment moots this case in its entirety. Were the court to declare which deductible is properly applied to CGM's claim, that would not affect the parties' present rights and obligations under the primary policy. Clarendon has paid all that CGM is entitled to, no matter what the deductible.

It is true that a determination of the proper deductible *might* affect CGM's recovery under the excess policy, but that dispute is not before the court. First, there is no allegation that Lloyd's *has* applied the windstorm deductible resulting in a lower excess recovery than if it had calculated coverage under the hurricane deductible. In fact, we do not even known whether a claim has been filed with Lloyd's. To issue a declaratory judgment, "there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of a

---

[1] The excess policy adopts the deductible provisions in the primary policy. (See CGM Resp., Ex. 2. p. 6.)

present right upon established facts." <u>Ashcroft v. Mattis</u>, 431 U.S. 171, 172 (1977) (citation omitted). And, even if we were to assume that Lloyd's has applied the windstorm instead of the hurricane deductible, and to CGM's detriment, that would be an injury remedied by a suit against Lloyd's, not Clarendon.

In sum, CGM's request for a declaration of its rights under the policy has been rendered moot by Clarendon's payment of the policy limits. Clarendon's motion [8-1] is therefore granted, and this case is dismissed for lack of subject matter jurisdiction.

DATE: June 16, 2005

ENTER: _____

John F. Grady, United States District Judge